**United States District Court**
For the Northern District of California

1

2                                                    *E-FILED 10-14-2010*

3

4

5

6

7                                    NOT FOR CITATION

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11   DESIREE MARIE GEORGE,                    No. C10-03928 HRL

12           Plaintiff,                        **ORDER THAT CASE BE REASSIGNED**
                                               **TO A DISTRICT COURT JUDGE**
13     v.
                                               **REPORT AND RECOMMENDATION**
14   NEW CENTURY MORTGAGE
     CORPORATION; CARRINGTON
15   MORTGAGE SERVICES; ATLANTIC &            **[Re:  Docket Nos. 4 and 5]**
     PACIFIC FORECLOSURE SERVICES; and
16   DOES 1-100,

17           Defendants.
     _____/
18

19                                     BACKGROUND

20          Pro se plaintiff Desiree Marie George sues for alleged statutory and common law

21   violations in connection with her home mortgage.  George filed a complaint in state court,

22   asserting ten claims for relief:  (1) "Predatory Lending Practices"; (2) "Conspiracy";

23   (3) "Intentional Misrepresentation/Deceit (Fraud)"; (4) "Intentional violation of Statutes (Cal.

24   C.C. 1916.7, 1920)"; (5) "Demand for Accounting"; (6) "Unfair Business Practices (Cal. Corp.

25   Code 10130; 17200; 17500)"; (7) "Breach of Implied Warranty of Good Faith and Fair

26   Dealing"; (8) "Declaratory Relief"; (9) "Quiet Title"; and (10) "Injunctive Relief."

27          Defendant Carrington Mortgage Services (Carrington) says that it is the loan servicer.

28   Defendant Atlantic & Pacific Foreclosure Service (Atlantic) says that it is the successor trustee.

United States District Court

For the Northern District of California

1   Noting that plaintiff's complaint alleges violations of the Home Ownership and Equity

2   Protection Act (HOEPA), the Truth in Lending Act (TILA), Federal Reserve Regulation Z, and

3   the Real Estate Settlement Procedures Act (RESPA), Carrington and Atlantic removed the

4   matter here, asserting federal question jurisdiction.

5           Carrington and Atlantic now move to dismiss the complaint and to expunge *lis pendens*.

6   The record reflects that the moving papers were served on George, but she failed to file any

7   response to the motions and did not appear at the motion hearing.[1]  The moving defendants have

8   expressly consented that all proceedings in this matter may be heard and finally adjudicated by

9   the undersigned.  28 U.S.C. § 636(c); FED. R. CIV. P. 73.  George has not complied with this

10  court's order setting a September 17, 2010 deadline to file either a consent or declination to

11  proceed before a United States Magistrate Judge.  Accordingly, this case shall be reassigned to

12  a District Court Judge.  Upon consideration of the moving papers,[2] as well as the arguments

13  presented at the motion hearing, this court recommends that defendants' motion to dismiss be

14  granted with leave to amend and that defendants' motion to expunge *lis pendens* be granted.

15                              DISCUSSION

16  A.      Motion to Dismiss (Fed. R. Civ. P. 12(b)(6)

17          A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests

18  the legal sufficiency of the claims in the complaint.  "Dismissal can be based on the lack of a

19  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

20  theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Documents

21  which properly are the subject of judicial notice may be considered along with the complaint

22  when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief.  *See*

23  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

24          In such a motion, all material allegations in the complaint must be taken as true and

25  construed in the light most favorable to the claimant.  *See Balistreri*, 901 F.2d at 699.  However,

26  _____

27          [1]      After the motion hearing, plaintiff contacted this court's chambers to say that
    she mistakenly believed the hearing was set for October 13, 2010.

28          [2]      It is recommended that defendants' request for judicial notice be granted
    pursuant to Fed. R. Evid. 201.

                                          2

**United States District Court**
For the Northern District of California

1    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

2    statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Morever, "the

3    court is not required to accept legal conclusions cast in the form of factual allegations if those

4    conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

5    *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

6         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

7    claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations

8    must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

9    *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). *See*

10    *also Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief

11    survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to

12    dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is

13    not required to survive a motion to dismiss. *Bell Atlantic Corp.*, 550 U.S. at 570. Rather, the

14    complaint need only give "enough facts to state a claim to relief that is plausible on its face."

15    *Id*.

16         <u>Ability to Tender</u>

17         As a threshold matter, defendants argue that all claims asserted in the complaint must be

18    dismissed because plaintiff has not alleged tender of amounts required to cure her default.

19    Defendants also contend that plaintiff is incapable of performing tender.

20         In the context of claims arising under TILA, the Ninth Circuit has held that a district

21    court may alter the statutory rescission procedures and has "discretion to condition rescission on

22    tender by the borrower of the property he had received from the lender." *Yamamoto v. Bank of*

23    *New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) (internal quotation marks and citation omitted).

24    District courts within the Ninth Circuit have adopted different understandings of *Yamamoto*;

25    one line of cases reads it to require a plaintiff to plead the present ability to tender the loan

26    proceeds in order to survive a motion to dismiss, while another line holds that it does not. *See*

27    *Kakogui v. Amer. Brokers Conduit*, No. C09-4841 JF (HRL), 2010 WL 1265201, at *4 (N.D.

28    Cal. Mar. 30, 2010) (collecting cases). To the extent plaintiff seeks rescission under TILA, this

1  court agrees that "while a borrower must ultimately demonstrate ability to tender to prove a

2  claim for TILA rescission on the merits, he or she need not allege this ability at the pleading

3  stage." *Davenport v. Litton Loan Servicing, LP,* — F. Supp.2d —, No. C10-0679RS, 2010 WL

4  3218592 *11 (N.D. Cal., July 16, 2010). *See also Botelho v. U.S. Bank, N.A.*, 692 F.Supp.2d

5  1174 (N.D. Cal. 2010) (same).

6  It is not clear, however, that such flexibility is appropriate with respect to a claim for

7  rescission under California law. "[C]ourts in California continually treat tender or at least the

8  allegation of ability to do so as a necessary part of a valid claim for rescission of a contract."

9  *Davenport*, — F. Supp.2d —, 2010 WL 3218592 at *11. Here, George has not asserted a claim

10  for rescission *per se*. Nevertheless, liberally construed, the complaint does assert a "right of

11  rescission" and seeks judgment that the loan agreement is "void ab initio by operation of law"

12  due to defendants' alleged fraud. (Complaint ¶¶ 15, 61, 67). Accordingly, to the extent George

13  seeks to rescind the loan under state law, she must at least allege that she has offered to tender.

14  *Davenport*, — F. Supp.2d —, 2010 WL 3218592 at *11. Although plaintiff says that she will

15  "tender any liens against the Subject Property" (Complaint ¶ 68), it is not apparent to this court

16  that such an offer is the same as an offer to tender the outstanding portion of her loan. It is

17  recommended that defendants' motion to dismiss on this issue is granted.

18  Claim 1 – "Predatory Loan Practices"

19  This claim purports to cover alleged violations of HOEPA, TILA, Federal Reserve

20  Regulation Z, California Civil Code § 1632, and California Bus. & Prof. Code § 17500. The

21  complaint alleges conduct by defendant New Century Mortgage Corporation (the lender), but

22  nonetheless indiscriminately groups all defendants together with conclusory assertions.

23  Moreover, the complaint fails to describe the conduct of each defendant that constitutes a

24  violation of any particular provision of the identified statutes. Plaintiff has not pled this claim

25  with sufficient particularity to give defendants adequate notice of the claims against them. It is

26  recommended that defendants' motion to dismiss this claim be granted.

27

28

United States District Court

For the Northern District of California

4

United States District Court

For the Northern District of California

Claim 2: Conspiracy

"A conspiracy  is not an independent cause of action, but is instead 'a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.'" *Davenport,* — F. Supp.2d —, 2010 WL 3218592 at *12 (quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-11, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994)).  "Liability for civil conspiracy generally requires three elements:  (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy."  *Id.*  "A civil conspiracy is therefore activated by the commission of an underlying wrongful act."  *Id.*

Here, plaintiff asserts that Carrington and Atlantic "planned, schemed, designed and illegally conspired" with New Century Mortgage to "steal" her property by initiating a trustee's foreclosure sale "without proper statutorily mandated Loan Docs and subsequent notices." (Complaint ¶¶ 30-31).  However, the complaint does not sufficiently allege what documents and notices Carrington and Atlantic were required, but failed, to possess or provide.  And, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Bell Atlantic Corp.*, 550 U.S. at 556.  *See also Davenport*, — F. Supp.2d —, 2010 WL 3218592 at *13 (same).  It is recommended that defendants' motion to dismiss this claim be granted.

Claim 3:   Intentional Misrepresentation

A "party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  To survive a motion to dismiss,  "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Id.* (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

1    Here, the complaint alleges that defendant New Century Mortgage misled plaintiff as to

2    the terms and conditions of the subject loan (or failed to fully disclose them to her), failed to

3    verify her ability to repay the loan, and lowered its underwriting standards in order to dupe

4    plaintiff into accepting the terms of the loan.  (Complaint ¶¶ 36-37).  Then, without

5    distinguishing between defendants, the complaint goes on to allege, in conclusory fashion, that

6    all defendants "repeat[ed] the same fraud" by "making untrue and misleading statements about

7    the terms of the Subject Loan."  (*Id*.). The court finds that the elements of fraud are not

8    sufficiently alleged.  *Bell Atlantic Corp*., 550 U.S. at 555 ("Factual allegations must be enough

9    to raise a right to relief above the speculative level."); *Iqbal*, 129 S. Ct. at 1950 ("[O]nly a

10   complaint that states a plausible claim for relief survives a motion to dismiss.").  It is

11   recommended that defendants' motion to dismiss this claim be granted.

12   <u>Claim 4: Violation of Civil Code §§ 1916.7, 1920, 1921</u>

13   The complaint alleges that all defendants "entered into an illegal pooling agreement" in

14   violation of California Civil Code sections 1916.7, 1920 and 1921.  (Complaint ¶ 41).  Briefly

15   stated, these statutes govern lending practices with respect to adjustable-rate mortgages.  The

16   complaint, however, does not sufficiently allege the existence of any "pooling agreement," and

17   then goes on to allege only that defendants "failed to satisfy the requirements of an adjustable

18   mortgage instrument as set forth in California C.C. § 1920, and the requirements for disclosure

19   of information and connections with a mortgage instrument, as set forth, required by [sic]

20   California C.C. § 1921."  (*Id*.).  The identified statutes contain several requirements for

21   adjustable rate mortgages, but the complaint does not state those requirements.  Nor does it

22   describe the conduct of defendants that constitutes a violation of any specific requirement.

23   Accordingly, it is recommended that defendants' motion to dismiss this claim be granted.

24   <u>Claim 5: Demand for Accounting</u>

25   "The right to an accounting is derivative and depends on the validity of a plaintiff's

26   underlying claims."  *Wong v. First Magnus Fin. Corp.*, No. C09-01612RMW, 2009 WL

27   2580353 *2 (N.D. Cal., Aug. 20, 2009) (citing *Duggal v. G.E. Capital Communication Serv.,*

28   *Inc.*, 81 Cal. App.4th 81, 95, 96 Cal. Rptr.2d 383 (2000); *Union Bank v. Super. Ct.*, 31 Cal.

United States District Court

For the Northern District of California

1   App.4th 573, 593-94, 37 Cal. Rptr.2d 653 (1995)).  Here, plaintiff does not allege that she is

2   due any monies from defendants.  Instead, the gist of her complaint is that she wants an

3   accounting to ascertain the "true amount of money" that she may owe them.  (Complaint ¶ 44).

4   Absent a claim that she is due monies from defendants, she has no right to an accounting.

5   *Wong*,  2009 WL 2580353 *2 (citing *Baxter v. Krieger*, 157 Cal. App.2d 730, 732, 321 P.2d

6   879 (1958)).  Moreover, the court concludes that plaintiff has not sufficiently pled any of her

7   claims of misconduct against defendants.  Accordingly, it is recommended that defendants'

8   motion to dismiss this claim be granted.

9              Claim 6:   Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, 17500)

10             California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or

11   fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

12   CAL. CIV. CODE § 17200.  "'Violation of almost any federal, state, or local law may serve as the

13   basis for a[n] unfair competition claim.'"  *Brewer v. Indymac Bank*, 609 F. Supp.2d 1104, 1122

14   (E.D. Cal. 2009) (quoting *Plascencia v. Lending 1st Mortgage*, 583 F. Supp.2d 1090, 1098

15   (N.D. Cal. 2008)).  "A complaint based on an unfair business practice may be predicated on a

16   single act; the statute does not require a pattern of unlawful conduct."  *Id.*  However, facts

17   supporting the statutory elements of the alleged violation must be stated with reasonable

18   particularity.  *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316

19   (N.D.Cal. 1997).

20             Because this court recommends that the underlying claims as to Carrington and Atlantic

21   should be dismissed, it is recommended that plaintiff's UCL claim also be dismissed.

22             Claim 7: Breach of the Implied Convenant of Good Faith and Fair Dealing

23             Although the caption of the complaint lists a seventh claim for relief, there is no separate

24   seventh claim for relief set out in the body of the pleading.  Instead, allegations as to the alleged

25   breach of the implied covenant and good faith and fair dealing are set out under her sixth claim

26   for alleged unfair business practices.  Nevertheless, the gist of the allegations is that defendants

27   owed a duty of care to plaintiff.

28

United States District Court

For the Northern District of California

1   "[A]s a general rule, a financial institution owes no duty of care to a borrower when the

2   institution's involvement in the loan transaction does not exceed the scope of its conventional

3   role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App.3d

4   1089, 1095, 283 Cal. Rptr. 53 (1991).  Courts have applied this rule to loan servicers. *See, e.g.,*

5   *Hendrickson v. Popular Mortgage Servicing, Inc.*, No. C09-00472 CW, 2009 WL 1455491 *7

6   (N.D. Cal., May 21, 2009); *Marks v. Ocwen Loan Servicing, Inc.*, No. C07-02133 SI, 2009 WL

7   975792 *7 (N.D. Cal., Apr. 10, 2009).  Plaintiff has not alleged that Carrington's involvement

8   in the loan transaction exceeded the scope of its conventional role as loan servicer.  As for

9   Atlantic, "[t]he trustee in a nonjudicial foreclosure is not a true trustee with fiduciary duties, but

10  rather a common agent for the trustor and beneficiary." *Pro Value Properties, Inc. v. Quality*

11  *Loan Service Corp.*, 170 Cal. App.4th 579, 583, 88 Cal. Rptr.3d 381 (2009) (citing *Vournas v.*

12  *Fidelity Nat. Title Ins. Co.*, 73 Cal. App.4th 668, 677, 86 Cal. Rptr.2d 490 (1999)).  "The scope

13  and nature of the trustee's duties are exclusively defined by the deed of trust and the governing

14  statutes.  No other common law duties exist." *Id.*  It is recommended that defendants' motion to

15  dismiss this claim be granted.

16      Claim 8:  Declaratory Relief

17      Declaratory relief "is correctly understood as a form of relief," rather than a separate

18  claim. *Davenport*, — F. Supp.2d —, 2010 WL 3218592 at * 11.  Here, the complaint alleges

19  that the subject loan, and the initiation of foreclosure proceedings, are void because of

20  defendants' alleged fraudulent and predatory loan practices.  (Complaint ¶¶ 61-62).  Because

21  the court concludes that plaintiff has not sufficiently pled any of her claims of misconduct

22  against defendants, it is recommended that her claim for declaratory relief also be dismissed.

23      Claim 9:  Quiet Title

24      "An action may be brought . . . to establish title against adverse claims to real or

25  personal property or any interest therein." CAL. CODE CIV. PROC. § 760.020(a).  To state a

26  claim for quiet title, a complaint must include:  (a) a description of the property that is the

27  subject of the action; (b) plaintiff's title and the basis of for that title; (c) the adverse claims to

28  plaintiff's title; (d) the date as of which the determination is sought; and (e) a prayer for the

United States District Court

For the Northern District of California

1    determination of the title of the plaintiff against the adverse claims.  CAL. CODE CIV. PROC. §

2    761.020.  Here, plaintiff's quiet title claim is premised upon the alleged fraudulent conduct of

3    the defendants.  The complaint alleges that defendants cannot proceed with foreclosure "until

4    the results of their fraudulent acts are resolved."  (Complaint ¶ 69).  Because the court finds that

5    the complaint fails to allege defendants' alleged fraudulent conduct with sufficient particularity,

6    it is recommended that her quiet title claim be dismissed.  *See, e.g., Davenport*, — F. Supp.2d

7    —, 2010 WL 3218592 at *12 (dismissing quiet title claim where plaintiff failed to plead an

8    adequate basis for relief).

9            Claim 10:  Injunctive Relief

10           Although the caption of the complaint lists "Injunctive Relief" as a separate claim,

11   injunctive relief is a form of relief rather than an actual claim.  Here, plaintiff seeks to enjoin

12   defendants from foreclosing on her property.  As discussed above, however, the court finds that

13   her complaint fails to state a viable claim for relief.  Accordingly, it is recommended that

14   plaintiff's "claim" for injunctive relief be dismissed.

15   B.     Motion to Expunge Lis Pendens

16           "A *lis pendens* is a 'recorded document giving constructive notice that an action has

17   been filed affecting title or right to possession of the real property described in the notice."

18   *Valdez v. America's Wholesale Lender*, No. C09-02778JF(RS), 2009 WL 5114305 *2 (N.D.

19   Cal., Dec. 18, 2009) (quoting *Urez Corp. v. Super. Ct.*, 190 Cal. App.3d 1141, 1144, 235 Cal.

20   Rptr. 837 (1987)).  "The practical effect of a *lis pendens* is to cloud the property's title and

21   prevent its transfer until the litigation is resolved or the *lis pendens* is expunged or released."

22   *Id*.  "'The court shall order that the notice be expunged if the court finds that the claimant has

23   not established by a preponderance of the evidence the probable validity of the real property

24   claim.'"  *Id*. (quoting CAL. CODE CIV. PROC. § 405.32).  Additionally, the court shall award the

25   party prevailing on a motion to expunge *lis pendens* reasonable attorney's fees and costs of

26   making or opposing the motion, unless the court finds that the other party acted with substantial

27   justification or that other circumstances make such an award unjust.  *Id*. (quoting CAL. CODE

28   CIV. PROC. § 405.38).

United States District Court
For the Northern District of California

1    Because the court recommends dismissal of all of plaintiff's claims, and in view of

2    plaintiff's failure to oppose defendants' motions, it is recommended that defendants' motion to

3    expunge lis pendens be granted. *See, e.g., Valdez*, 2009 WL 5114305 at 9; *Smith v. Wachovia*,

4    No. C09-01300SI, 2009 WL 1948829 at *6 (N.D. Cal., July 6, 2009).  Nevertheless, this court

5    also finds that, in view of plaintiff's apparent financial difficulties, an award of attorney's fees

6    and costs would be unjust.  Accordingly, the undersigned recommends that defendants' request

7    for an award of attorney's fees and costs be denied.

8                                        RECOMMENDATION

9         Based on the foregoing, this case shall be reassigned to a District Court Judge, with the

10   recommendation that defendants' motion to dismiss be granted with leave to amend and that

11   defendants' motion to expunge *lis pendens* be granted.

12        Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file

13   objections to this Report and Recommendation within fourteen days after being served.

14   Dated:   October 14, 2010

15

16   _____

17   HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

1   5:10-cv-03928-HRL Notice electronically mailed to:

2   David Lee Chaffin      dchaffin@wrightlegal.net

3   T. Robert Finlay      rfinlay@wrightlegal.net, ggrant@wrightlegal.net

4   Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the court's CM/ECF program.

5

6   5:10-cv-03928-HRL Notice mailed to:

7   Desiree Marie George
    1823 Henry Way
8   Turlock, CA 95380

9            Pro Se Plaintiff

**United States District Court**
For the Northern District of California